IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOHN C. HELMERT JR.                                                                         PLAINTIFF

V.                                                        No.: 3:18CV194-M-RP

CENLAR FSB and
NATIONSTAR MORTGAGE, LLC                                       DEFENDANTS

## ORDER

This cause comes before the Court on Defendant Cenlar's *Motion to Dismiss*, Doc. #3, and Defendant Nationstar's *Motion to Dismiss*, Doc. #7. The Court, having reviewed the motions, the parties' submissions, and relevant authority, is now prepared to rule.

### A. Factual Background

On June 24, 2003, Plaintiff, John C. Helmert, Jr., and his ex-wife purchased a home in Lafayette County, Mississippi, and financed it through a loan with First National Bank; a deed of trust was executed that same day ("First National Deed of Trust").

On or about April 17, 2006, Plaintiff and his former wife refinanced their loan and granted a deed of trust to Merchant and Farmers Bank. That same day, April 17, 2006, Merchant and Farmers Bank assigned the deed of trust ("Merchant Deed of Trust") to Taylor, Bean & Whitaker Mortgage Corporation. The First National Deed of Trust was cancelled on April 25, 2006.

On June 3, 2013, Taylor, Bean & Whitaker assigned the Merchant Deed of Trust to Defendant Cenlar. In the Complaint Plaintiff states that "the person who signed the assignment on behalf of Taylor, Bean & Whitaker did not have the authority to act on behalf of Taylor, Bean & Whitaker, as he was actually employed by Defendant Cenlar and not Taylor, Bean & Whitaker."

Nevertheless, on February 6, 2014, Defendant Cenlar assigned the Merchant Deed of Trust to Defendant Nationstar. This assignment was then recorded in the land records with the Office of the Chancery Clerk of Lafayette County, Mississippi on February 20, 2014.

On July 11, 2014, Defendant Nationstar appointed a substitute trustee and began foreclosure proceedings. A substitute trustee's deed was executed and filed on September 16, 2014. One year later, on October 26, 2015, a corrected assignment of deed of trust was filed to correct, and replace, the June 3, 2013 assignment of the Merchant Deed of Trust to Cenlar. That same day Cenlar assigned the corrected Merchant Deed of Trust to Nationstar.

On December 9, 2016, Defendant Nationstar rescinded the initial foreclosure sale and conducted another foreclosure sale. Plaintiff alleges that Defendant Nationstar waited over one year to rescind the wrongful foreclosure despite "knowing that the September 2014 foreclosure of [his] home was wrongful and performed with no authority to do so" because of the invalid assignment of the Merchant Deed of Trust that occurred on June 3, 2013.

Plaintiff's Complaint asserts that Defendant Nationstar wrongfully foreclosed on Plaintiff's property and "improperly issued [him] two 1099-A forms" which "caused the Plaintiff's tax liability to be greater than the amount of taxes actually owed" for those years. Additionally, Plaintiff alleges that Defendant Cenlar "negligently and/or fraudulently assigned the deed of trust," and that the acts and omissions of the Defendants caused Plaintiff to suffer financially, emotionally, and physically.

**B. Standard**

Before the Court can grant a motion to dismiss, a defendant must show that the plaintiff has not met the relevant pleading standard to state a claim. Specifically, a defendant must show that the plaintiff's complaint fails to "state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 697 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. In making this determination, the court must view all facts and inferences in the light most favorable to the nonmoving party. *Armstrong v. American Home Shield Corp.*, 333 F.3d 566, 567 (5th Cir. 2003).

### C. Discussion

**a. Plaintiff's claims against the Defendants are not time barred.**

Defendants argue that Plaintiff's claims are barred by the three-year statute of limitation that began in either June of 2013 (upon the assignment of the Merchant Deed of Trust from Taylor, Bean & Whitaker to Cenlar) or on February 20, 2014 (upon Nationstar's recording of the Merchant Deed of Trust that Cenlar assigned). Plaintiff responds that his claims are not time barred under the statute because "[t]he earliest the Plaintiff can be charged with knowledge of the defective nature of the June 3, 2013 assignment is October 26, 2015, the date on which Cenlar filed the Corrective Assignment." In anticipation of the Defendants' replies, Plaintiff also argues that the discovery rule applies in this case, therefore tolling the statute of limitations, because "the mere filing of the defective assignment was not enough to alert the Plaintiff to the defective nature of the assignment," rather, "[o]nly the October 16, 2015 Corrective Assignment … was sufficient to put the Plaintiff on notice of a potential problem with the June 3, 2013 assignment."

Claims regarding wrongful foreclosure of property have been held by the Mississippi Court of Appeals to be subject to the general three-year statute of limitations. *Ford v. Litton Loan Servicing LP*, 2015 WL 5021701, at *2 (N.D. Miss. Aug. 24, 2015). In Mississippi "[a]ll actions

3

for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." Miss. Code Ann. § 15–1–49(1).

The Court agrees with Defendants that in matters of public record the "rule of concealed fraud" does not apply. *O'Neal Steel, Inc. v. Millette*, 797 So.2d 869, 875 (Miss. 2001). However, the Court is not quick to dismiss Plaintiff's claims because it is not fully convinced that the mere filing of the defective deed of trust, whether in June 2013 or on February 20, 2014, was enough to provide Plaintiff with constructive notice of the defect. The only record that was attached as an exhibit to the Defendants' motions was a copy of the substitute trustee's deed. Review of the substitute trustee's deed appears to not inform the reader of the previous defective assignments. Additionally, at no point did the parties provide the Court with a copy of the defective Merchant Deed of Trust assigned to Nationstar, nor did the parties provide the Court with a copy of the Merchant Deed of Trust assigned to Cenlar from Taylor, Bean & Whitaker which contained the incorrect employee's signature and, ultimately, began the series of invalid assignments. It is the Court's inclination that the document which provided the Plaintiff with notice of the defect of assignment was the Corrective Assignment that was filed on October 25, 2015.

When a deed is filed with the proper officer for the record, constructive notice of the making of the deed begins. *Ayers v. Davidson*, 285 F.2d 137, 139 (5th Cir. 1960) (quoting *Sowell v. Rankin*, 82 So. 317 (Miss. 1919)). The running of the statute of limitations is not prevented when the alleged fraudulent conveyance is recorded, the circumstances are public, and the means of finding out the character of the transaction are available. *Id*. at 139−140 (citing *Fleming v. Grafton*, 54 Miss. 79).

In the present case, the necessary means were not available to be discovered by the Plaintiff, and the records that were available did not fully disclose the issues regarding the

assignment of the deed of trust. Due to lack of needed information, Plaintiff did not possess the means to find out the invalid character of the conveyance. Defendants' motions are denied as to this issue.

### b. Plaintiff's wrongful foreclosure claim against Nationstar does not survive its motion to dismiss.

Plaintiff asserts a claim of wrongful foreclosure against Defendant Nationstar. Nationstar argues that the Court should dismiss this claim because Plaintiff fails to allege enough facts to support his claim. Specifically, Nationstar argues that Plaintiff "does not allege Nationstar possessed any malice or bad faith in foreclosing on the property"; "does not plead any negligent action or omissions on behalf of Nationstar in connection [to] the foreclosure"; that Nationstar was within its rights under the deed of trust to foreclose on the property; and that the foreclosure was rescinded.

Plaintiff responds that the allegations in the Complaint are sufficient to survive Nationstar's motion to dismiss because his Complaint includes facts that establish that Nationstar wrongfully foreclosed on his property based on an invalid assignment.

"Mississippi recognizes a claim for wrongful foreclosure where 'an unlawful foreclosure is attempted solely from a malicious desire to injure the mortgagor; or … where the foreclosure is conducted negligently or in bad faith, to his detriment.'" *Stewart v. GMAC Mortg., LLC*, No. 2:10-cv-149, 2011 WL 1296887, at 11 (S.D. Miss. Mar. 31, 2011) (quoting *Nat'l Mortg. Co. v. Williams*, 357 So.2d 934, 935–36 (Miss. 1978)).

In the present case, the Court finds that Plaintiff's wrongful foreclosure claim does not survive the motion to dismiss. Here, Plaintiff's Complaint alleges that Nationstar wrongfully foreclosed on his property because it did not have "valid authority to do so due to the invalid June

3, 2013 assignment of the deed of trust." Plaintiff, in his response, also argues that Nationstar negligently failed to confirm its authority to foreclose on the property.

Mississippi courts have held that many types of deeds are voidable rather than void. *In re Northlake Development, L.L.C*., 614 F.3d 140, 143 (5th Cir. 2010). This similarly follows with the fact that a fraudulent conveyance is voidable rather than void. *Id* at 145. Forged conveyances, on the other hand, are void rather than voidable, however, the Plaintiff does not allege forgery in the conveyance. *Id*.

The 5th Circuit Court of Appeals held that a non-party to a contract cannot enforce the contract unless she is an intended third-party. *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 224–225 (5th Cir. 2013). The Court further states that "an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor . . . only on any ground which renders the assignment void." *Id*. at 224.

This Court holds that the Plaintiff lacks the required standing to maintain the wrongful foreclosure claim, and the motion regarding this aspect is granted.

   c. **Plaintiff's negligence claim against Defendants does not survive this motion.**

Plaintiff asserts that the Defendants' negligence resulted in the wrongful foreclosure. Once a borrower defaults, the lender has full authority to foreclose on its deed of trust. *EB, Inc. v. Allen*, 722 So. 2d 555, 561 (Miss. 1998). There is no dispute that Plaintiff was in default on the loan. It has also been held in this Circuit that once the right to foreclose is established, there cannot be a claim for wrongful foreclosure. *Merchants Nat. Bank, Vicksburg v. Southeastern Fire Ins. Co., Inc.,* 854 F.2d 100, 105 (5th Cir. 1988).

Plaintiff also asserts that the initially invalid assignment of the deed of trust led to the foreclosure. Such is not the case. The default on the loan led to the foreclosure. The claim of negligent acts causing wrongful foreclosure does not survive as there must actually be a wrongful foreclosure. As stated earlier, once the borrower defaults, the lender can foreclose. The Plaintiff here has no standing to assert a claim regarding wrongful conveyance because, as previously stated, the assignment is merely voidable between the assignor and assignee. The Plaintiff is not a party who would have standing to bring a claim of wrongful foreclosure due to negligent acts.

Cenlar's motion is granted and any claims against Nationstar relating to negligence are dismissed as well.

**d. Plaintiff's claim regarding the 1099-A forms does not survive the motion.**

The Plaintiff makes a claim for improper issuance of two 1099-A Forms resulting in a greater amount of tax liability than was actually owed. Plaintiff states that the 1099-A Form is issued during loan forgiveness. The 1099-C Form is issued, used, and required during a loan forgiveness, but the IRS instruction form implies that a 1099-A Form may also be issued. The IRS instructions state that "it is not necessary to file both Form 1099-A and Form 1099-C." While it may not be necessary, it is clearly possible for both to be issued.

However, the Plaintiff makes no mention of the required form to be issued for loan forgiveness, the 1099-C Form. The 1099-A form merely shows that the lender has acquired the property serving as security for its loan, while also stating the balance owed and the fair market value of the property. *In re Wolk*, 2018 WL 514518 (Bankr. E.D.N.C. Jan. 22, 2018). The required form for loan forgiveness, the 1099-C Form, would show a cancelation of the debt and the dollar amount of the debt. *In re Reed*, Bankr. E.D. Tenn. R. 492 B.R. 261, 264-65 (2013).

The 1099-C Form also contains the needed information to file a 1040 Individual Tax Return Form, which is also not mentioned or attached by the Plaintiff. *Id*. The 1099-A Form does not contain such necessary information regarding calculating taxes. Since these documents were not mentioned, referenced, or presented by the Plaintiff, any claim of improperly increased tax liability would be mere speculation. A purely speculative claim does not survive a motion to dismiss and the motion shall therefore be granted.

    e. **Any claim of fraud asserted against the Defendants fails.**

Plaintiff asserts claims of fraud. To establish a fraud claim in Mississippi, a plaintiff must prove:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury."

*Koury v. Ready*, 911 So. 2d 411, 445 (Miss. 2005).

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff's Complaint lacks sufficient facts to support a claim of fraud against either of the Defendants. Plaintiff's assertion of fraud is conclusory and not supported by any facts in the Complaint. Thus, to the extent Plaintiff intends to assert claims of fraud against the Defendants, these claims are dismissed.

### D. Conclusion

Accordingly, the Court finds that Defendants' *Motions to Dismiss*, Doc. #3 and Doc. #7, are **GRANTED IN PART AND DENIED IN PART**. Defendant Cenlar's motions are **GRANTED** as to the fraud claims, negligence claims, and wrongful foreclosure claims and **DENIED** as to the statute of limitations claim. Defendant Nationstar's motions are **GRANTED**

as to the fraud claims, the wrongful foreclosure claims, and the improper issuance of 1099-A forms and are **DENIED** as to the statute of limitations claim.

SO ORDERED, this the 18th day of June, 2019.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**